Gery W. Edson
GERY W. EDSON, P.A.
250 South Fifth Street, Suite 820
P. O. Box 448
Boise, Idaho  83702
Phone:(208) 345-8700
Fax:  (208) 389-9449
Email:  gedson@gedson.com
Idaho Bar No. 2984
Attorney for Defendant The Kingdom Trust Company
   f/b/o Sally J. Robertson IRA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy No.  17-01458-JDP |
| | ) | Chapter  7 |
| SHILOH MANAGEMENT | ) | |
| SERVICES, INC. | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| NOAH HILLEN, solely in his capacity | ) | |
| As Chapter 7 Trustee for the above-referenced | ) | |
| bankruptcy estate, | ) | Adversary No. 19-06083 |
| Plaintiff, | ) | |
| | ) | |
| | ) | ANSWER OF DEFENDANT |
| vs. | ) | THE KINGDOM TRUST |
| | ) | COMPANY f/b/o SALLY J. |
| THE KINGDOM TRUST COMPANY, f/b/o | ) | ROBERTSON IRA |
| SALLY J. ROBERTSON IRA, a South Dakota | ) | |
| corporation; P. JOAN FOTHERGILL; DOES | ) | |
| 1-5, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## ANSWER TO COMPLAINT

COME NOW, Defendant The Kingdom Trust Company f/b/o Sally J. Robertson IRA

("Robertson") by and through its undersigned counsel of record, Gery W. Edson, and without

admitting any liability or damages to  Plaintiff Noah G. Hillen ("Plaintiff"), and without assuming

the burden of proof as to any issue in this litigation, hereby answers Plaintiff's Complaint to Avoid Preference Transfers (Dkt.1) ("Complaint") and admits, denies and alleges as follows:

## NATURE OF ACTION

1. Robertson admits that it held a deed of trust on real property commonly known as 20034 Ebenezer Lane, Caldwell, Idaho. The remaining allegations in Paragraph contain statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 1 of the Complaint.

## PARTIES

2. Robertson admits the allegations contained in paragraph 2 of the Complaint.

3. Robertson admits the allegations contained in paragraph 3 of the Complaint.

4. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore, denies the same.

5. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 5 of the Complaint and therefore, denies the same.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 10 of the Complaint.

## FACTUAL BACKGROUND

### Robertson Loan and Deed of Trust

11. Robertson admits the allegations contained in paragraph 11 of the Complaint.

12. Robertson admits the allegations contained in paragraph 12 of the Complaint.

13. Robertson denies the allegations contained in paragraph 13 of the Complaint.

14. Robertson admits that the document described as "Exhibit A" is attached to the Complaint and the document speaks for itself.

15. Robertson denies the allegations contained in paragraph 15 of the Complaint. The legal description resulted from a lot split by the Debtor that was prepared by ALS Land Surveying after the property was acquired using Robertson's funds.

16. Roberson admits the allegations contained in paragraph 16 of the Complaint. The document speaks for itself.

17. Robertson denies the allegations contained in paragraph 17 of the Complaint. The Debtor did a lot split and reduced the size of the lot.

18. Robertson denies the allegations contained in paragraph 18 of the Complaint.

19. Robertson admits that the document described as "Exhibit B" is attached to the Complaint and the document speaks for itself.

20. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 20 of the Complaint and therefore, denies the same.

21. Robertson denies the allegations contained in paragraph 21 of the Complaint. The original Deed of Trust covered an entire parcel which was later split by the Debtor without Robertson's consent.

22. Robertson admits the allegations contained in paragraph 22 of the Complaint.

23. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 23 of the Complaint and therefore, denies the same.

**Fothergill loan and Deed of Trust**

24. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 24 of the Complaint and therefore, denies the same.

25. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 25 of the Complaint and therefore, denies the same.

26. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 26 of the Complaint and therefore, denies the same.

27. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 27 of the Complaint and therefore, denies the same.

28. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 28 of the Complaint and therefore, denies the same.

29. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 29 of the Complaint and therefore, denies the same.

30. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 30 of the Complaint and therefore, denies the same.

31. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 31 of the Complaint and therefore, denies the same.

32. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 32 of the Complaint and therefore, denies the same.

33. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 33 of the Complaint and therefore, denies the same.

34. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 34 of the Complaint and therefore, denies the same.

35. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 35 of the Complaint and therefore, denies the same.

36. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 36 of the Complaint and therefore, denies the same.

## **CLAIM 1 – AVOIDANCE OF PREFERENCE TRANSFER**

37. Paragraph 37 of the Complaint contains statements to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 37.

38. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 38 of the Complaint and therefore, denies the same.

39. Paragraph 39 contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 39.

40. Paragraph 40 contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 40.

41. Paragraph 41 contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 41.

42. Robertson denies paragraph 42 of the Complaint.

43. Robertson lacks sufficient information to admit or deny the allegations set forth in paragraph 43 of the Complaint and therefore, denies the same.

44. Paragraph 44 contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 44.

45. Paragraph 45 contains statements and conclusions of law to which no response is required. To the extent a response is required, Robertson denies the allegations set forth in paragraph 45.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Robertson denies Plaintiff is entitled to the relief stated in paragraphs 1 and 2, or any other relief.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Robertson does not assume the burden of proving any element thereof that any applicable case law, common law, statute, rule, regulation or other authority places upon Plaintiff.

### FIRST DEFENSE

Robertson denies each and every allegation contained in the Complaint that is not expressly and specifically admitted herein.

### SECOND DEFENSE

The Complaint fails to state a claim under which relief can be granted, pursuant to Rule 7012(b)(6) of the Rules of Bankruptcy Procedure and any other applicable provision of law.

### THIRD DEFENSE

The Plaintiff's claims are barred by statute of limitations, laches and estoppel.

### FOURTH DEFENSE

Debtor attempted to defraud Robertson by reducing the extent of its lien via a lot split without Robertson's knowledge or consent.

### FIFTH DEFENSE

Robertson had a valid lien over the entire larger parcel and did not consent to the Debtor's reduction in size of its property.

### REQUEST FOR ATTORNEY FEES

Robertson has been required to retain legal counsel to defend against Plaintiff's Complaint. Robertson requests an award of the costs and attorney fees they have incurred in defending against this action, pursuant to Idaho Code §§12-120 and 12-121.

### RESERVATION

This case has only recently been initiated. Therefore, Robertson reserves, among other things, the right to amend this pleading and assert any additional claims, counterclaims, crossclaims or defenses available.

## DEMAND FOR JURY TRIAL

Robertson hereby demands a trial by jury under Rule 9015 of the Federal Rules of Bankruptcy Procedure on all claims to which Robertson is entitled to a trial by jury.

## PRAYER

WHEREFORE, Robertson prays for the following relief:

1.      That Plaintiff's Complaint be dismissed, and Plaintiff take nothing thereby;

2.      For an award of reasonable costs and fees, pursuant to Idaho Code §§12-120 and 12-121, and any other applicable provision, incurred in defending against Plaintiff's claims; and

3.      For such further relief as this Court deems just and equitable.

Dated this 16th day of January, 2020.

GERY W. EDSON, P.A.,

By /s/ Gery W. Edson
    Gery W. Edson, Attorney for
    Defendant Robertson

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of 2020, I served a copy of the foregoing on January, CM/ECF Registered Participates as reflected on the Notice of Electronic Filing:

1.      Matthew Todd Christensen – mtc@angstman.com, mtcecf@gmail.com; govai@angstman.com; ecf@angstman.com
2.      Noah G. Hillen – ngh@hillenlaw.com; dlr@hillenlaw.com; llm@hillenlaw.com; sellassets@ecf.inforuptcy.com; ID14@ecfcbis.com

 /s/ Gery W. Edson
Gery W. Edson